**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM ROBERT DIXON,<br><br>     Plaintiff-Appellant,<br><br> v.<br><br>ROBERT LeGRAND, Warden; et al.,<br><br>     Defendants-Appellees. | No. 15-16728<br><br>D.C. No. 3:13-cv-00586-RCJ-VPC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted February 14, 2017**

Before:  GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Nevada state prisoner William Robert Dixon appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging constitutional

claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo.

*Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We may affirm on any

---

  *  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

  **  The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

basis supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

Summary judgment on Dixon's access-to-courts claim was proper because Dixon failed to raise a genuine dispute of material fact as to whether defendants' alleged refusal to request Dixon's legal materials from Ohio in a timely manner caused his injury. *See Lewis v. Casey*, 518 U.S. 343, 348-49 (1996) (access-to-courts claim requires actual prejudice to contemplated or existing litigation, such as inability to meet a filing deadline or to present a claim); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008) ("In a § 1983 action, the plaintiff must . . . demonstrate that the defendant's conduct was the actionable cause of the claimed injury.").

The district court properly granted summary judgment on Dixon's claim alleging denial of mail because Dixon failed to raise a genuine dispute of material fact as to whether he properly exhausted administrative remedies or whether administrative remedies were effectively unavailable to him. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." (emphasis, citation, and internal quotation marks omitted)); *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (a prisoner who does not exhaust administrative remedies must show that

"there is something particular in his case that made the existing and generally available administrative remedies effectively unavailable to him . . . .").

We do not consider documents not filed with the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

We do not consider issues or arguments not specifically and distinctly raised in the opening brief or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**

3                                                              15-16728